Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
RAUL ANTONIO JIMENEZ CAMPOS, individually and on
behalf of all others similarly situated,

                               Plaintiff,

    -against-

"ABC CORPORATION" d/b/a NDN LANDSCAPING, name of
the corporation being fictitious and unknown to Plaintiff, and
NICHOLAS NUZZI JR., as an individual,

                               Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

       Plaintiff, **RAUL ANTONIO JIMENEZ CAMPOS, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, through undersigned counsel, bring this action against **"ABC CORPORATION" D/B/A NDN LANDSCAPING, name of the corporation being fictitious and unknown to Plaintiff, and NICHOLAS NUZZI JR., as an individual**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at "ABC CORPORATION" d/b/a NDN LANDSCAPING, located at 374 Broadway, Port Jefferson Station, NY 11776.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks

1

interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiff*

7. Plaintiff RAUL ANTONIO JIMENEZ CAMPOS residing in Bayshore, NY 11706 was employed by Defendants at "ABC CORPORATION" d/b/a NDN LANDSCAPING, from in or around June 2020 until in or around September 2023.

### *The Defendants*
### "ABC Corporation" d/b/a NDN Landscaping

8. Upon information and belief, Defendant "ABC CORPORATION" d/b/a NDN LANDSCAPING, is a corporation organized under the laws of New York with a principal executive office at 374 Broadway, Port Jefferson Station, NY 11776.

9. Upon information and belief, Defendant "ABC CORPORATION" d/b/a NDN LANDSCAPING, is a corporation authorized to do business under the laws of New York.

### Individual Defendant Nicholas Nuzzi Jr.

10. At all relevant times hereto, Defendant NICHOLAS NUZZI JR. owns and operates "ABC CORPORATION" d/b/a NDN LANDSCAPING.

11. Upon information and belief, Defendant NICHOLAS NUZZI JR. is an agent of "ABC CORPORATION" d/b/a NDN LANDSCAPING.

12. At all relevant times hereto, Defendant NICHOLAS NUZZI JR. is responsible for overseeing the daily operations of "ABC CORPORATION" d/b/a NDN LANDSCAPING.

13. At all relevant times hereto, Defendant NICHOLAS NUZZI JR. has power and authority over all the final personnel decisions at "ABC CORPORATION" d/b/a NDN LANDSCAPING.

14. At all relevant times hereto, Defendant NICHOLAS NUZZI JR. has power and authority over all final payroll decisions at "ABC CORPORATION" d/b/a NDN LANDSCAPING, including the Plaintiff.

15. At all relevant times hereto, Defendant NICHOLAS NUZZI JR. has the exclusive power to hire and fire employees at "ABC CORPORATION" d/b/a NDN LANDSCAPING, establish and pay their wages, set their work schedule, and maintain their employment records, including the Plaintiff.

16. During all relevant times herein, Defendant NICHOLAS NUZZI JR. was Plaintiff's employer within the meaning of the FLSA and NYLL.

17. On information and belief, "ABC CORPORATION" d/b/a NDN LANDSCAPING, is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

18. Plaintiff RAUL ANTONIO JIMENEZ CAMPOS was employed by Defendants at "ABC CORPORATION" d/b/a NDN LANDSCAPING, from in or around June 2020 until in or around September 2023.

19. During Plaintiff RAUL ANTONIO JIMENEZ CAMPOS's employment by the Defendants at "ABC CORPORATION" d/b/a NDN LANDSCAPING, Plaintiff's

primary duties were as a grass cutter, while performing other miscellaneous duties, from in or around June 2020 until in or around September 2023.

20. During the relevant statutory period, Plaintiff RAUL ANTONIO JIMENEZ CAMPOS regularly worked six (6) days per week from in or around June 2020 until in or around September 2023.

21. Plaintiff RAUL ANTONIO JIMENEZ CAMPOS regularly worked a schedule of shifts beginning at approximately 7:30 a.m. each workday and regularly ending at approximately 6:00 p.m., or later, six (6) days per week from in or around June 2020 until in or around September 2023.

22. Thus, Plaintiff was regularly required to work approximately sixty-three (63) hours per week from in or around June 2020 until in or around September 2023.

23. Plaintiff RAUL ANTONIO JIMENEZ CAMPOS was paid by Defendants a flat weekly rate of approximately $190.00 per week for all hours worked from in or around June 2020 until in or around December 2021 and approximately $220.00 per week for all hours worked from in or around January 2022 until in or around September 2023.

24. Although Plaintiff RAUL ANTONIO JIMENEZ CAMPOS worked approximately sixty-three (63) hours or more hours per week from in or around June 2020 until in or around September 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

25. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

26. Upon information and belief, Defendants willfully failed to keep payroll records as required by the NYLL.

27. Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English, of his applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

28. Upon information and belief, Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

29. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

30. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received on a weekly basis, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the NYLL.

31. As a result of these violations of New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings this action on behalf of himself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

33. Collective Class: All persons who are or have been employed by the Defendants as grass cutters, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

34. Upon information and belief, Defendants employed approximately 10 or more employees within the relevant time period who were subjected to similar payment structures.

35. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

36. Defendants' unlawful conduct has been widespread, repeated, and consistent.

37. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

38. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

39. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

40. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

41. The claims of Plaintiff are typical of the claims of the putative class.

42. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

43. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

44. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

45. Plaintiff have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

46. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

47. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

48. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

49. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

50. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

51. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

52. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

53. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

54. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

55. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

56. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

57. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

58. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

59. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

60. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff's unpaid overtime wages;

c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiff prejudgment and post-judgment interest;

e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: December 19, 2023
      Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAUL ANTONIO JIMENEZ CAMPOS, individually and on behalf of all others similarly situated,

                Plaintiff,

-against-

"ABC CORPORATION" D/B/A NDN LANDSCAPING, name of the corporation being fictitious and unknown to Plaintiff, and NICHOLAS NUZZI JR., as an individual,

                Defendants.

## COLLECTIVE ACTION COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

To:
**"ABC CORPORATION" d/b/a NDN LANDSCAPING**
374 Broadway, Port Jefferson Station, NY 11776
5 Wedgewood Dr., Coram, NY 11727

**NICHOLAS NUZZI JR.**
374 Broadway, Port Jefferson Station, NY 11776
5 Wedgewood Dr., Coram, NY 11727